NANCY MYERS

*v.*

THE STATE OF ILLINOIS.

*Opinion filed May 10, 1890.*

1. WATERS—*claim not barred when filed within two years after cause of action accrues.* Claim for damages to lands by overflow of river caused by construction of dam by the State of Illinois is not barred by statute of limitations if filed within two years after cause of action accrues.

2. DAMAGES—*to land by construction of State dam.* Court reviews evidence and finds construction of Copperas Creek dam in the Illinois river has damaged claimant's land by overflow of river and determines amount of award.

3. SAME—*no damages allowed on lands purchased after cause of action accrued.* The Commission in its award does not consider damages accruing to that part of the land purchased after cause of action originally accrued.

Claimant in this case filed her petition, in which it is charged that on the 20th day of October, A. D. 1877, and before and since that time claimant was the owner in fee of the west half (W. ½) of the northeast quarter (N. E. ¼) and the southeast quarter (S. E. ¼) of section fifteen (15) and the northeast quarter (N. E. ¼) of sec-

tion twenty-two (22) all in township twenty-nine (29) north of range three (3) west of the 3d P. M.

That by authority of the State of Illinois a dam was constructed across the Illinois river at or near Copperas Creek and that by reason of the construction thereof the water in said river has raised from two to three feet higher opposite to said lands than it was prior to the construction of said dam and that by reason thereof and on account of the construction of said dam the lands of claimant above described have become flooded, water soaked, and soft to such an extent that they will no longer bear animals safely and are unproductive, subject to frequent disastrous overflows, and are almost worthless and will so remain forever.

By reason of which facts claimant says she has been damaged to the amount of one thousand six hundred and eighty dollars ($1,680.00) for which she asks judgment.

To this petition the Attorney General on behalf of the State files his plea interposing the statute of limitations and also a general denial amounting in effect to the general issue and upon the petition, pleas and depositions on file this cause is heard.

The petition was filed on the 20th day of October, A. D. 1879, less than two years after the construction of the dam at Copperas Creek and for that reason the claim is not barred by the statute of limitations.

Claimant says in her petition that her damages are $1,680.00 and in her deposition fixes her loss at $5,760.00.

Henry E. Wier, when examined on the part of the claimant, places her damages at $4,000; W. H. Cassell at $5,200 and Daniel Jones at $2,640.

The witnesses for the State who testify with reference to this point speak of the damage to claimant's lands as being slight. Henry E. Wier when re-called and examined on the part of the State says he knows of the building of the Copperas Creek dam and that lands about six feet above low water mark were injured very much and that lands above that point were not injured any; that the building of the dam did not affect the Nancy

Myers land any; that part of those lands were high and dry and part swampy.

James B. Martin a witness on the part of the State speaking of the Nancy Myers land, says: "I think the land was damaged by the building of the Copperas Creek dam. The west half (W. ½) of the southeast quarter (S. E. ¼) of section fifteen (15) and the west half (W. ½) of the northeast quarter (N. E. ¼) of section fifteen (15) sold for $12.50 per acre. They are not worth near so much. They sold for more than they were worth."

John Wier, also a witness on the part of the State, says he does not believe that Claimant's lands were damaged by the building of the dam.

Mr. Wilson who surveyed these lands says in his report filed in this case: "The west half of the northeast quarter of section fifteen on the east side is fifteen feet above low water mark and descends to about nine feet at the southwest corner." As to the southeast quarter of section fifteen, he says: A line was run south along the east side of this tract; on this line the land was from thirteen to nineteen feet plus low water mark and some of this tract is now cultivated on the east side. "This tract he further says descends to the west and a large part is wet and uncultivated. As to the northeast quarter of section twenty-two he continues: "A line was extended south on the east side of this tract about 1,200 feet to a slough. This is about twelve feet plus low water; is impassable."

The east half of the southeast quarter of section fifteen was purchased by claimant February 25, 1878, after the construction of the dam. Whatever right accrued for damages to this tract by reason of the construction of the dam aforesaid accrued before claimant purchased this land and hence such damages, if any there were, are not considered in the award in this case.

The northeast quarter of section twenty-two is found by measurement to be twelve feet above low water mark. None of this tract has ever been cultivated so far as the evidence shows. Nine feet above the present low water

mark an impassible slough is found and no effort has
been made on the part of claimant to explain this condi-
tion of things. We cannot say from the evidence that the
Copperas Creek dam is the immediate or remote cause of
this slough being found upon the land or the occasion of
its boggy condition. If we compare the price paid for
this tract with that expended for contiguous tracts on
the north we are forced to the conclusion that it (the
northeast quarter of section twenty-two) was at the time
of its purchase by claimant (and that was before the
building of the dam) for some reason less valuable than
the other tracts and the reason therefor seems to us to
be found in the fact that there existed upon it at the
time of purchase an impassible slough.

The evidence shows that claimant paid for this land
less than seven dollars per acre while for the east half
southeast quarter of section fifteen adjacent to it on the
north she paid $28.50 per acre and for the west half of
the southeast quarter of section fifteen also adjoining the
tract in question on the north she paid $12.50 per acre.

We are of the opinion that the west half (W. ½) of
the northeast quarter (N. E. ¼) and the west half (W.
½) of the southeast quarter (S. E. ¼) of section fifteen
(15) aforesaid are damaged by the water from the river
causing a portion of these tracts to become so water-
soaked as to impair their productiveness and that such
damage is directly traceable to the construction of the
Copperas Creek dam as its cause. The damage to these
tracts of claimant's land we fix at six hundred dollars
($600.00) and in our view this amount is all to which
she is legally entitled in this case.